FILED
SUPERIOR COURT
OF GUAM

2014 APR 22 AM 9: 50

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,

        v.

CHAFFY KIMUO SIMICHY,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE No. CF 0645-13

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motions to dismiss first charge and or reduce felony family violence charge to a misdemeanor, were taken under advisement on April 11, 2014. The People are represented by Assistant Attorney General Matthew Heibel. Defendant is represented by Assistant Public Defender Maria F. Fitzpatrick. After reviewing and considering the memoranda and papers of the Parties and the file herein the Court hereby grants Defendant's motion to reduce and denies his motion to dismiss.

### BACKGROUND

The Defendant was indicted December 3, 2013, on three charges: 1) Kidnaping, as a 2nd Degree Felony; 2) Family Violence, as a 3rd Degree Felony; and 3) Terrorizing, as a 3rd Degree Felony.

**Motion to Dismiss**

On March 28, 2014, Defendant filed a motion to dismiss his first charge. In support of his request Defendant argues and asserts that the People failed to present evidence of the



essential element of unlawful removal to the grand jury for the charge of kidnapping. Defendant cites to the grand jury testimony of Officer Diana Slater. The officer reiterated the interaction between Defendant and Tasiana Sachuo, where Defendant, while at the Tasiana's house, took their child and told Tasiana he was going to kill himself and their child. The officer further testified that Defendant admitted to taking the child to his relatives' home and then returning the child three hours later. The officer testified that Defendant also said that he would never kill or harm the child.

Defendant cites to Guam's statutory definition of confinement found in Section 22.20(c) of title 9 of the Guam Code. Pursuant to this statute Defendant argues that there was no evidence presented that the mother, Tasiana Sachuo, had any more right to child than the Defendant or that Defendant accomplished the removal by threat.

The People filed their opposition on April 1, 2014. In it the People, citing several U.S. Supreme Court cases, argue that there is no provision under Guam law which allows for the dismissal of a grand jury indictment for insufficient evidence. Further elaborating on its argument, the People cite to the Guam Appellate Division's decision in *Quidachay*, and a 2012 decision by the Superior Court of Guam Judges, Cenzon and Lamorena. Citing these decisions the People argue that Guam courts have held that a court's review is limited to the facial validity of the indictment as well as the duty to ensure some evidence was presented.

The People argue that Guam's statutory duties of review for exculpatory and competent evidence are based upon a theory of prosecutorial oversight rather that a sufficiency review of a grand jury's indictment. To support this argument People cite the standard that is applied to Guam petit jury verdicts and to the absence of any established standard of review for grand juries.

In the alternative the People argue that there was sufficient evidence presented to support a kidnapping charge. In support of this assertion the People cite to the recited statement from the mother that Defendant came over to her residence, entered the home without her permission and picked up the child and exited the residence. The People assert that there was evidence that the mother then confronted the Defendant by inquiring where he was taking the child and that she told the Defendant to give her the child. Defendant then responded that he was going to kill the child and himself. The People also refer to the statement of the Defendant where he told the mother that if she did not give him his social security card he would take the child. The People assert that under either standard of review this evidence was sufficient to support the indicted charge.

Defendant filed is reply on April 9, 2014. He further filed an amended reply on April 11, 2014. In his replies Defendant argues that he had as much legal right to the child as the mother and therefore his removal was not unlawful regardless of his intended purpose. Defendant reasons that without a court order preventing the Defendant from having his child the people cannot show that he unlawfully removed the child. Defendant also cites to Section 65.15 of Title 8's Motions Which Must be Made Prior to Trial's provisions in support of a sufficiency challenge.

**Motion to Reduce**

On March 20, 2014, Defendant filed a motion to reduce his felony family violence charge to a misdemeanor. In support of his motion Defendant cites to Title 9 Section 30.20(c) of the Guam Code's factors. He argues and asserts that in this case: there is no evidence of physical injury to the child, or the mother; Defendant does not have a history of violence; a weapon was not used; Defendant does not have any prior arrests; the mother has requested that

the case be dismissed; and there is no indication that Defendant would not be amenable to counseling.

The People filed their opposition to Defendant's motion on March 27, 2014. In it the People argue that Plaintiff's charge should not be reduced because: there is evidence that Defendant was heavily intoxicated; that while intoxicated he threated to kill himself and the child; the mother's attitude is a result of her financial dependence upon Defendant; and Defendant has failed to show his amenability to counseling.

Defendant filed his reply on April 2, 2014. In it he argues that the mother's attitude is not solely based on her financial dependence but also upon her desire to keep her family together and have her children know their father. Defendant admits to having consumed three beers but disputes the people's characterization of him, as an angry drunk man who forcibly removed their child. Defendant also cites to his declaration where he attests to his willingness to attend counseling.

## DISCUSSION

### I. Motion to Dismiss

Section 50.42 of Title 8 of the Guam Code provides,

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2005). In November of 2013 the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 11. Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment

when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2005).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence was presented. *Id.*

On December 3, 2013 a grand jury in its first indicted charge found that, on or about November 11, 2013, there was reasonable cause that Defendant did commit the offense of Kidnaping, in that he intentionally and unlawfully removed another, specifically T.S. (DOB 12/20/2012), a substantial distance from his place of residence, to inflict bodily injury or terrorize said T.S. (DOB: 12/20/2012) or another, specifically the child's mother, Tasiana Sachuo.

In this case it is undisputed that the grand jury received evidence that Defendant removed the child from the residence of the mother and in doing so stated his purpose was to kill the child and himself. The Court upon reviewing this averred testimony, finds that under the above standard, some evidence was presented of each element of the charge. *Quidachay*, 1986 WL 68912 at *1-2. As required by Section 22.20 of Title 9 the People presented evidence of a removal, a threatened removal if he was not provided with his social security card and of a threat to harm while removed. Upon receipt of the Defendant's argument and its review of the statute, under the standard set forth in *Quidachay*, the Court is not persuaded that the evidence presented must be viewed in isolation or disjunctively. For purposes of Guam's kidnapping statute, the

Court is not prepared to find that a parent's removal of his child, with the stated intent to kill the child, is not unlawful. 9 GCA § 22.20.

**II. Motion to Reduce**

Defendant has requested to have the second charge of the indictment reduced to a misdemeanor. Section 30.20 of the Family Violence Act, provides the Court with a seven-factor analysis for determining whether a felony charge of Family Violence may be reduced to a misdemeanor. 9 GCA §30.20(c) (2013). The relevant statute reads:

> In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:
> (1) The extent or seriousness of the victim's injuries;
> (2) The defendant's history of violence against the same victim whether charged or uncharged;
> (3) The use of a gun or other weapon by the defendant;
> (4) The defendant's prior criminal history;
> (5) The victim's attitude and conduct regarding the incident;
> (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) The defendant's history of and amenability to counseling.

*Id.*

Applying these factors to the instant case the Court finds that: that lack of evidence of serious injury; the Defendant's non-history of domestic violence; his lack of criminal history; and the Defendant's amenability to counseling in this matter merit the reduction of the Domestic Violence Charge to a misdemeanor.

**CONCLUSION**

Based on the foregoing, the Defendant's motion to dismiss is DENIED. His motion to reduce his second charge, Family Violence as a 3rd Degree Felony to a misdemeanor is GRANTED. Further Proceedings are set for _May 6,_ 2014 at _9:00_ a.m.

SO ORDERED, this _28th_ day of _April_ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam